UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN CONTRERAS CONTRERAS,<br>Petitioner,<br>v.<br>M. WOFFORD, *et al.*,<br>Respondents. | Case No. 1:26-cv-04304-NW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF No. 1 |

This matter is before the Court on Efren Contreras Contreras' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, in which he argues that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") without the opportunity for release on bond violates the Immigration and Nationality Act ("INA") and his Fifth Amendment right to due process. ECF No. 1 ¶¶ 24–26. Respondents oppose relief, arguing that Petitioner's detention is mandatory under both 8 U.S.C. § 1226(c)(1)(A) and 8 U.S.C. § 1225(b)(2). Dkt. No. 6 at 2–6. For the reasons set forth below, the Court grants Contreras' petition in part, and orders the government to hold a substantive bond hearing regarding Contreras' detention within 14 days.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner entered the United States in 1982 without being inspected by immigration authorities. ECF No. 1 ¶ 21; ECF No. 6-1 at 2 ("On an unknown date, and unknown place, [Petitioner] entered the United States without having been admitted or paroled by an immigration officer."). He has lived in the United States continuously for the last forty-four years. ECF No. 1 ¶ 21.

On February 13, 2026, Petitioner was arrested by the San Francisco Drug Enforcement Administration ("DEA") for various federal offenses related to distributing methamphetamine.

United States District Court
Eastern District of California

ECF No. 6-1 at 2; ECF No. 6-7 at 4. He was transferred to ICE custody a week later on February 20, 2019. ECF No. 6-1 at 2. Following his transfer to ICE, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." ECF No. 6-2 at 1. Shortly thereafter, he was granted a $2,000.00 bond by an Immigration Judge and was released by ICE upon posting it.

Petitioner's criminal case concluded on March 17, 2021 when he was convicted by a Federal Court in the Northern District of California of "Conspiracy to Distribute and Possess with Intent to Distribute a Quantity of Methamphetamine" and Distribution of a Quantity of Methamphetamine and Aiding and Abetting[.]" ECF No. 6-8 at 1. Following his conviction, it appears Petitioner was arrested again on June 21, 2021 for distributing a controlled substance, however, the disposition of that arrest is not clear from the current record.

At some point in 2025, Petitioner was instructed to appear at an ICE office pursuant to the "Alternatives to Detention" ("ATD") program. ECF No. 6-1 at 2. After failing to report as instructed, ICE determined that Petitioner had "violated his ATD conditions[,]" and was subject to re-detention as a result. *Id*. ICE located Petitioner outside his residence on November 22, 2025 and placed him under arrest pursuant to an administrative warrant. *Id*.; ECF No. 6-3 at 1.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a

district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that he "is entitled for consideration for release on bond under 8 U.S.C. § 1226(a)[]" and that failure to provide such a hearing violates his right to due process. *See* ECF No. 1 ¶ 24. Respondents oppose relief, arguing that Petitioner is subject to mandatory detention under both § 1226(c)(1)(A) and § 1225(b)(2) because of his convictions for distribution of methamphetamine. Dkt. No. 6 at 1–6. For the reasons that follow, the Court finds that Respondents are incorrect, and that due process entitles Petitioner to a custody hearing.

### A. Detention Authority

Turning first to the appropriate statutory authority, the Court can quickly dispose of Respondents' argument with respect to § 1225(b)(2). The Ninth Circuit has held that § 1225(b)(2) does not apply to noncitizens who are "present without admission" and "apprehended in the interior of the United States," as Petitioner was here. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026)

Respondents' argument with respect to § 1226(c)(1)(A) is a closer question. Section 1226(c)(1)(A) states the "Attorney General shall take into custody any [noncitizen] who [ ] is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2) enumerates various categories of crimes, including, as relevant here, crimes involving controlled substances. 8 U.S.C. § 1182(a)(2)(A)(i).

Though Petitioner was convicted of crimes involving a controlled substance, Respondents have not demonstrated that Petitioner was detained pursuant to § 1226(c)(1)(A). "[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as prerequisite to mandatory detention under that provision." *Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility*, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026). As such, "this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention

where [DHS] [] has failed to charge a noncitizen with any offense covered by § 1182(a)(2)." *S.G. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-03322-TLN-JDP, 2026 WL 2475525, at *2 (E.D. Cal. Aug. 24, 2026); *see also Miao v. Chestnut,* No. 1:26-CV-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026). In other words, where the Notice to Appear placing the non-citizen in removal proceedings "failed to charge or notify a detainee of an offense covered by § 1182(a)(2)" as a reason for inadmissibility, "§ 1226(c)(1)(A) does not govern their detention." *S.G.*, 2026 WL 2475525, at *2.

Here, Petitioner is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled. ECF No. 6-2 at 1. The Notice to Appear submitted by Respondents does not state that Petitioner is charged with inadmissibility under § 1182(a)(2), nor does it reference his criminal record. Further, Respondents own record of Petitioner's arrest created on November 22, 2025—i.e., the day of his arrest—indicates that his arrest was because he failed to report for an ICE check-in, rather than ICE believing his detention to be mandatory under § 1226(c)(1)(A). ECF No. 6-1 at 2. As such, Respondents have failed to show that § 1226(c)(1)(A) controls Petitioner's detention.

**B. Due Process**

As Respondents have failed to identify any statutory authority mandating Petitioner's detention, the Court next turns to Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

Petitioner has a liberty interest in his continued freedom following his release on bond in 2019. *See Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256, at *5 (E.D. Cal. Sept. 9, 2025) (finding liberty interest where petitioner previously released from immigration detention after posting bond). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976) to determine the procedures necessary to protect this interest, the

Court finds that Petitioner is entitled to a constitutionally adequate post-deprivation bond hearing. Petitioner has a substantial private interest in maintaining his out-of-custody status, and the risk of erroneous deprivation here is considerable given Respondents refusal to provide Petitioner with a hearing. Further, Respondents' interest in detention is low relative to the minimal cost of providing Petitioner with a constitutionally adequate hearing. *See Singh v. Chestnut, et al.*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner who was formerly released on his own recognizance but detained by ICE after he was arrested for aggravated battery because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *14–16, 18 (E.D. Cal. Oct. 16, 2025) (ordering a post-deprivation bond hearing where petitioner had multiple infractions of his conditional release order).

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED in part. Respondents are ORDERED to provide a substantive bond hearing withing fourteen (14) days at which the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight if he is released. The hearing may be continued upon Petitioner's request, and he SHALL be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 16, 2026

Noël Wise
United States District Judge